[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 96-1841

 JAMES D. HUNSBERGER,

 Plaintiff, Appellant,

 v.

 FEDERAL BUREAU OF INVESTIGATION,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges. 

 

James D. Hunsberger on brief pro se. 
Donald K. Stern, United States Attorney, and George B. Henderson, 
II, Assistant U.S. Attorney, on brief for appellee. 

 

 March 14, 1997
 

 Per Curiam. Plaintiff James Hunsberger submitted 

requests to the Boston division of the Federal Bureau of

Investigation under the Freedom of Information Act, 5 U.S.C.

 552, and the Privacy Act, 5 U.S.C. 552a, in which he

sought all records that pertained to him. The FBI produced

two responsive documents. Plaintiff filed suit, claiming

that an inadequate search had been performed. From an award

of summary judgment to the FBI, he now appeals. We affirm.

 Extended discussion is unnecessary. In recent years,

this court has fully articulated the standards by which the

adequacy of an agency search is evaluated. See, e.g., Church 

of Scientology Int'l v. United States Dep't of Justice, 30 

F.3d 224, 230 (1st Cir. 1994); Maynard v. CIA, 986 F.2d 547, 

559-60 (1st Cir. 1993); Gillin v. IRS, 980 F.2d 819, 821-22 

(1st Cir. 1992) (per curiam). "The crucial issue is not

whether relevant documents might exist, but whether the

agency's search was reasonably calculated to discover the

requested documents." Maynard, 986 F.2d at 559 (internal 

quotation omitted). Such a determination, which we review de

novo, see, e.g., Church of Scientology Int'l, 30 F.3d at 228, 

"is judged by a standard of reasonableness and depends upon

the facts of each case." Maynard, 986 F.2d at 559. 

 Based on our review of the materials presented, we agree

that an award of summary judgment was appropriate. The

affidavit of Supervisory Special Agent John Michael Callahan

 -2-

establishes that a reasonably thorough search was undertaken

here. He has described, in relatively detailed and

nonconclusory fashion, the structure of the agency's file

system, the scope of the search performed at plaintiff's

behest, and the method by which it was conducted. Plaintiff,

in turn, has failed to rebut this affidavit. His attempt to

adduce "positive indications of overlooked materials,"

Oglesby v. Department of Army, 79 F.3d 1172, 1185 (D.C. Cir. 

1996), or to otherwise show "that the agency's search was not

made in good faith," Maynard, 986 F.2d at 560, amounts to 

nothing more than speculation.

 In contending that the FBI overlooked relevant

documents, plaintiff points to three factors. First, he

notes that a 1989 teletype (of which he first learned during

the course of other FOIA litigation) was sent from New York

to Washington with a copy to Boston. Yet as we explained in

Maynard, the fact that a document refers to the existence of 

other records "does not independently generate an issue of

material fact rendering summary judgment improper so long as

reasonably detailed, nonconclusory affidavits demonstrate the

reasonableness of the agency's [subsequent] search." 986

F.2d at 562; accord, e.g., Weisberg v. United States Dep't of 

Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see also 

Miller v. United States Dep't of Justice, 779 F.2d 1378, 1384 

(8th Cir. 1985) ("The fact that a document once existed does

 -3-

not mean that it now exists; nor does the fact that an agency

created a document necessarily imply that the agency has

retained it."). 

 Second, plaintiff insists that the FBI must have records

pertaining to his 1969 drug prosecution in Rhode Island state

court. Yet his assertion that the FBI not only participated

in that investigation but retained records pertaining thereto

is conjectural. And even if accurate, that assertion would

nonetheless fail to call into question the adequacy of the

search as detailed in the Callahan affidavit. See Maynard, 

986 F.2d at 560 (satisfactory agency affidavit is "accorded a

presumption of good faith, which cannot be rebutted by purely

speculative claims about the existence ... of other

documents") (internal quotations omitted). 

 Finally, plaintiff complains that the search failed to

look for entries involving possible misspellings of his name.

Yet "there is no general requirement that an agency search

... variant spellings." Id. And the fact that the FBI did 

at one point misspell plaintiff's name does not call for a

different result, especially where the record reveals that

the agency had corrected such error by December 1968.

 In the alternative, plaintiff alleges that, because of

his pro se status, the district court erred in entering its

ruling without first ensuring that he had notice of the

summary judgment requirements. Yet we have no occasion here

 -4-

to address whether such notice must always be afforded to pro

se litigants in the Rule 56 context--a matter as to which

courts have differed. Compare, e.g., Timms v. Frank, 953 

F.2d 281, 283-86 (7th Cir. 1992) with, e.g., Jacobsen v. 

Filler, 790 F.2d 1362, 1364-67 (9th Cir. 1986). In assessing 

the adequacy of the agency's search, we have accorded full

consideration to plaintiff's (untimely) opposition to the

summary judgment motion and have accepted all reasonable

factual allegations in his (unsworn) submissions as true.

Even on that basis, an award of summary judgment for

defendant would be mandated. The failure to advise plaintiff

of the Rule 56 procedures, even if erroneous (a matter as to

which we intimate no view), would thus have been harmless. 

 Affirmed. 

 -5-